# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN JONES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. PALOMBO,<br><br>　　　　　Defendant.　　　　　　　／ | CASE NO. 1:07-cv-01788-OWW-GSA PC<br><br>ORDER DENYING MOTIONS FOR RECONSIDERATION<br><br>(Docs. 31 and 35) |

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Plaintiff Kevin Jones, a state prisoner proceeding pro se and in forma pauperis. The action is proceeding on Plaintiff's amended complaint, filed January 28, 2008, against Defendant Palombo for use of excessive physical force, in violation of the Eighth Amendment. On March 24, 2009, Plaintiff filed a motion seeking reconsideration of the Court's order denying his motion for leave to amend, and on June 22, 2009, Plaintiff filed a motion seeking reconsideration of the Court's order denying his motion to compel.

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 78-230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

In his first motion for reconsideration, Plaintiff argues that his motion to amend, which he represents was denied by the Court as untimely, should be considered timely because he submitted a timely second amended complaint for filing but it was returned by the Clerk's Office because it was not accompanied by a motion seeking leave to amend. Plaintiff then filed a motion seeking leave to amend, which the Court denied on March 12, 2009.

The Court denied Plaintiff's motion to amend because he failed to show good cause to modify the scheduling order. Fed. R. Civ. P. 16(b)(4). Secondarily, the Court found that even if Plaintiff had shown good cause, he failed to identify the grounds for amendment and include a proposed second amended complaint. Fed. R. Civ. P. 15(A). Although the Court noted Plaintiff's motion was untimely under the scheduling order, the motion was not denied for untimeliness. Plaintiff has not shown that the Court erred in denying motion to amend for lack of good cause under Rule 16, and his motion for reconsideration is denied.

Next, Plaintiff seeks reconsideration of the order denying his motion to compel. Plaintiff argues that he served Defendant with a set of interrogatories on April 3, 2009, but never received a response, and that leniency should be exercised because he is a layman proceeding without legal assistance and with only limited access to the law library and legal materials.

The Court denied Plaintiff's motion to compel the production of documents, and therefore, the issue of service of interrogatories on April 3, 2009, is irrelevant to the denial of that motion.[1] Plaintiff's motion was denied because he failed to submit any evidence that he timely serve a request

---

[1] Discovery requests must be served sufficiently in advance of the discovery deadline to allow the responding party forty-five days to respond. (Doc. 21.) Because the discovery deadline was April 27, 2009, the interrogatories were not timely served and Defendant was not obligated to serve a response, although a letter from defense counsel notifying Plaintiff of that fact would have been both courteous and helpful to Plaintiff.

1  for the production of documents on Defendant and that Defendant either failed to respond at all or
2  failed to adequately respond.  As such, Plaintiff failed to meet his burden as the party moving for
3  relief.  Plaintiff's present motion sets for no grounds demonstrating entitlement to reconsideration.
4      For the reasons set forth herein, Plaintiff's motions for reconsideration, filed March 24, 2009,
5  and June 22, 2009, are HEREBY DENIED.

7  IT IS SO ORDERED.
8  **Dated:   September 4, 2009**              /s/ Oliver W. Wanger
                                             UNITED STATES DISTRICT JUDGE