# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN JONES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. PALOMBO,<br><br>　　　　　Defendant.<br>_____/ | CASE NO. 1:07-cv-01788-OWW-GSA PC<br><br>ORDER (1) DIRECTING CLERK'S OFFICE TO PROVIDE COPY OF DOCKET TO PLAINTIFF, (2) DENYING MOTION FOR RETURN OF PROPERTY, (3) GRANTING THIRTY-DAY EXTENSION OF TIME TO FILE OBJECTIONS, AND (4) REQUESTING THAT DEFENDANT'S COUNSEL FACILITATE LIMITED ACCESS TO LEGAL MATERIAL AS EXPEDITIOUSLY AS POSSIBLE<br><br>(Doc. 44) |

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Plaintiff Kevin Jones, a state prisoner proceeding pro se and in forma pauperis. On January 21, 2010, the United States Magistrate Judge issued Findings and Recommendations recommending that Defendant's motion for summary judgment be granted. The parties were provided thirty days within which to file any objections.

On February 8, 2010, Plaintiff filed a motion stating that he lost possession of his personal property on December 12, 2009. Plaintiff seeks assistance in gaining possession of his property so that he may respond to the Findings and Recommendations.

The Court cannot issue an order requiring prison officials to return Plaintiff's property because the Court lacks jurisdiction over officials at Kern Valley State Prison with respect to Plaintiff's current conditions of confinement. E.g., Steel Co. v. Citizens for a Better Env't, 523 U.S.

1

| | |
|---|---|
| 1 | 83, 103-04, 118 S.Ct. 1003 (1998); 18 U.S.C. § 3626(a)(1)(A).  In addition, Plaintiff's ability to |
| 2 | possess his property in his cell is subject to various restrictions deemed necessary by officials to |
| 3 | maintain the safety and security of the institution, and may be dependent on Plaintiff's current |
| 4 | housing situation or other factors.  The Court is simply not equipped, particularly on the record |
| 5 | before it, to weigh in on the propriety of Plaintiff's property restrictions.  E.g., Bell v. Wolfish, 441 |
| 6 | U.S. 520, 547-48, 99 S.Ct. 1861, 1878-79 (1979); Norwood v. Vance, Nos. 07-17322, 08-15778, |
| 7 | 2010 WL 27406, at *3 (9th Cir. Jan. 10, 2010). |

However, the Court will request that Defendant's counsel, as an officer of the court, contact the Litigation Coordinator in an effort to facilitate Plaintiff's ability to access his legal material for this case, to the limited extent necessary for Plaintiff to review his material and prepare his objections to the pending Findings and Recommendations.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a copy of the docket in this case;
2. Plaintiff's motion for an order requiring prison officials to return his personal property to him is denied for lack of jurisdiction;
3. As expeditiously as possible, Defendant's counsel, as an officer of the court, is requested to contact the Litigation Coordinator in an effort to facilitate Plaintiff's ability to access his legal material for this case, to the limited extent necessary for Plaintiff to review his material and prepare his objections to the pending Findings and Recommendations; and
4. Plaintiff is granted a thirty-day extension of time to file an Objection.

IT IS SO ORDERED.

**Dated:   February 12, 2010**          /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE