# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN JONES,<br><br>    Plaintiff,<br><br>    v.<br><br>M. PALOMBO, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:07-cv-01788-OWW-GSA PC<br><br>ORDER (1) DENYING MOTION FOR RETURN OF PROPERTY AND GRANTING FORTY-FIVE DAY EXTENSION OF TIME TO FILE OBJECTIONS<br>(Doc. 48)<br><br>ORDER VACATING MOTIONS FOR SUMMARY JUDGMENT FROM THE COURT'S CALENDAR<br>(Docs. 37, 41)<br><br>ORDER DIRECTING DEFENDANT'S COUNSEL TO RESPOND AS TO STEPS TAKEN AND RESULTS OF SUCH ATTEMPTS TO FACILITATE PLAINTIFF'S LIMITED ACCESS TO LEGAL MATERIAL |

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Plaintiff Kevin Jones, a state prisoner proceeding pro se and in forma pauperis. Pending before the Court is Defendants' Motion for Summary Judgment, filed June 29, 2009, and Plaintiff's Cross-Motion for Summary Judgment, filed July 30, 2009, Fed. R. Civ. P. 56. On February 8, 2010, Plaintiff filed a motion stating that he lost possession of his personal property on December 12, 2009. Despite having been granted an extension of time to file his objections and defense counsel having been directed to facilitate Plaintiff's access to his personal property (Doc. 45), Plaintiff continues to seek assistance in gaining possession of his property so that he may respond to the Magistrate Judge's Findings and

1

Recommendations on the parties' motions for summary judgment.

The Court cannot issue an order requiring prison officials to return Plaintiff's property because the Court lacks jurisdiction over officials at Kern Valley State Prison with respect to Plaintiff's current conditions of confinement. E.g., Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04 (1998); 18 U.S.C. § 3626(a)(1)(A). In addition, Plaintiff's ability to possess his property in his cell is subject to various restrictions deemed necessary by officials to maintain the safety and security of the institution, and may be dependent on Plaintiff's current housing situation or other factors. Though Plaintiff appears to attempt to indicate that returning his personal property to him would not create any safety and/or security issues, he provides nothing to support this assertion other than a conclusory statement in his motion. The Court is simply not equipped, particularly on the record before it, to weigh in on the propriety of Plaintiff's property restrictions. E.g., Bell v. Wolfish, 441 U.S. 520, 547-48 (1979); Norwood v. Vance, Nos. 07-17322, 08-15778, 2010 WL 27406, at *3 (9th Cir. Jan. 10, 2010).

The Court has reviewed the record in this action and finds that Plaintiff apparently desires to file objections to the Findings and Recommendations, but that circumstances beyond Plaintiff's control have prevented him from doing so. It would be unreasonable, in light of the leniencies to be accorded to a pro se plaintiff, for the Court to review the Findings and Recommendations for adoption without allowing Plaintiff an extension of time to secure the information necessary to assist in drafting his objections thereto. However, this is the last extension that will be granted to Plaintiff absent a specific showing of the information contained in his personal property that he seeks and the rationale which supports his assertion that he cannot file objections to the Findings and Recommendations without it.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for extension of time is granted;
2. Within forty-five (45) days from the date of service of this order, Plaintiff shall file his objections, if any, to the Findings and Recommendations, filed January 21, 2010;
3. Plaintiff's motion for an order requiring prison officials to return his personal property to him is denied for lack of jurisdiction;

4. Defendant's counsel, as an officer of the court, is directed to advise the Court within fifteen (15) days from the date of service of this order both: (1) what steps have been taken to contact the Litigation Coordinator to facilitate Plaintiff's ability to access his legal material for this case, to the limited extent necessary for Plaintiff to review his material and prepare his objections to the pending Findings and Recommendations; and (2) the results of any such endeavors; and

5. In light of 28 U.S.C. § 476(a)(1), the Civil Justice Reform Act, Defendants' motion for summary judgment, filed June 29, 2009, and Plaintiff's motion for summary judgment, filed July 30, 2009, are HEREBY DEEMED VACATED from the Court's calendar until Plaintiff's submits objections to the Findings and Recommendations, or fails to do so within the extension of time granted herein. Local Rules 230(l), 304(a), 304 (b).

IT IS SO ORDERED.

**Dated: March 18, 2010**          /s/ Oliver W. Wanger
                                   UNITED STATES DISTRICT JUDGE