# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN JONES,<br><br>        Plaintiff,<br><br>   v.<br><br>M. PALOMBO, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:07-cv-01788-OWW-GSA PC<br><br>ORDER DIRECTING PARTIES TO ADVISE WHETHER THEY STIPULATE TO DISMISSAL OF THIS ACTION PER FEDERAL RULE OF CIVIL PROCEDURE 41<br><br>(Doc. 52.) |

      This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Plaintiff Kevin Jones, a state prisoner proceeding pro se and in forma pauperis. On April 7, 2010, Plaintiff filed a "Motion to Address the Court of the Plaintiff's Reasoning's to Dismiss Civil Action Suit" which is construed as an attempt to voluntarily dismiss this action pursuant to Federal rule of Civil Procedure 41 (hereinafter "Rule 41"). (Doc. 52.)

      Rule 41(a)(1)(A) allows a Plaintiff to "dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Subsection (B) of Rule 41 provides that, "[u]nless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Subsection (2) of Rule 41 provides in pertinent part that, "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . ." Thus, at this stage in the litigation, Plaintiff

1 may not simply dismiss the action of his own accord.

2 Accordingly, IT IS HEREBY ORDERED that defense counsel is directed: (1) to advise the Court within fifteen (15) days from the date of service of this order whether Defendant is willing to stipulate to dismissal of this action under Federal Rule of Civil Procedure 41; (2) if Defendant is willing to do so, defense counsel is to concurrently submit a statement stipulating to dismissal of this action on Defendant's behalf, indicating whether Defendant is stipulating to dismissal of the action with or without prejudice and whether Defendant is willing to waive costs to which he might otherwise be entitled; and (3) if Defendant is not willing to stipulate to the dismissal of this action, defense counsel is to concurrently submit any objections to the dismissal of this action.

11 IT IS HEREBY FURTHER ORDERED that, within twenty-five (25) days of the date defense counsel's response is filed with the Court: (1) if Defendant is willing to stipulate to dismissal of this action under Federal Rule of Civil Procedure 41, Plaintiff is directed to submit a statement, signed under penalty of perjury indicating whether he desires to stipulate to dismissal of this action on any terms and/or conditions set forth in Defendant's response; and (2) if Defendant is not willing to stipulate to dismissal of this action, Plaintiff is directed to submit any arguments he has in response to any objections raised by Defendant to the dismissal of this action.

IT IS SO ORDERED.

Dated:   **April 15, 2010**          /s/ **Gary S. Austin**
                                  UNITED STATES MAGISTRATE JUDGE